U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 7 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WEYERHAEUSER COMPANY | CIVIL ACTION NO. 04-2177 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| PETRO-HUNT, LLC | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

ORDER and REPORT AND RECOMMENDATION

Before the court is Defendant's Motion to Dismiss or, alternatively, for Partial Summary Judgment and Stay, Doc. # 13. Also before the court is Defendant's Motion for Partial Summary Judgment, Doc. # 31. Both motions have been referred to the undersigned by the District Judge for Report and Recommendation.

In Defendant's Motion to Dismiss, Defendant argues that plaintiff's claims with regard to remediation, saltwater disposal (both on premises and off premises), plugging and abandonment of wells, non-hazardous oilfield waste and "allegations concerning spills of hydrocarbons, saltwater and etc." are within the province of the Louisiana Commissioner of Conservation and should be first considered by him. Defendant seeks an order of this court that plaintiff first exhaust his administrative remedies and that this case be stayed pending the Commissioner's evaluation. Both parties agree, and the law is clear that the Commissioner has no authority to interpret contracts between the parties.

A hearing on the motions was held before me on January 19,

2006 for the purpose of narrowing the issues presented and discussing the Commissioner's role. It is clear to the court that the dispositive motions are premature for the reasons that additional information (hopefully to be gained through discovery) is necessary and the Commissioner's input is necessary. While the Commissioner cannot and has no authority to answer every issue presented in this lawsuit, the Commissioner's assistance with regard to the matters over which he clearly has jurisdiction will narrow the issues which this court must decide and will assist the court with deciding the issues over which the court has jurisdiction. For example, saltwater disposal may be provided for to some extent by contract between the parties. Yet saltwater disposal, because it affects the state's resources and presents environmental issues, is also something over which the Commissioner may well have a say. Defendant has made a compelling argument for the Commissioner's input and Plaintiff has not convinced the court that the Commissioner does not have jurisdiction to consider these issues.

Therefore, at the hearing on January 19, 2006, I ordered that the parties confect a list of issues for presentation to the Commissioner within two weeks. Defendant promptly complied with the order; however, despite the expiration of the court's deadline, plaintiff has not complied with the court's Order, preferring instead to argue in a telephone conference on February 2, 2006

matters previously ruled on at the hearing. Further, the undersigned reiterated the court's Order in the telephone conference on February 2, 2006; however, instead of complying with the Order, Plaintiff faxed to the undersigned's chambers (without prior permission) a letter objecting to the Defendant's proposed order. No alternative order was presented, however, and no list of issues was attached. Contrary to this court's express directive plaintiff also filed an amended Plan of Work with the clerk of court instead of forwarding it to the undersigned for consideration.

Therefore, IT IS ORDERED that no later than Friday February 10, 2006, Plaintiff provide to the court and opposing counsel a list of issues presented in this case for consideration, in default of which I will recommend that this case be dismissed.

IT IS FURTHER ORDERED that Plaintiff seek, in an appropriate proceeding in accordance with LSA-R.S. 30, *et seq.*, all relief from the Commissioner of Conservation over which the Commissioner has jurisdiction, including, but not limited to, those issues listed by plaintiff and defendant referred to above.

IT IS RECOMMENDED that the dispositive motions, Doc's #13 and 31 be DISMISSED without prejudice to Defendant's right to re-file them at a later time after the administrative proceedings before the Commissioner are completed, and after adequate discovery has been completed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within **five (5)** days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FIVE (5) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE